UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEBORAH ANN H., | Case No. 3:25-cv-00016-AKB-REP |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## INTRODUCTION

Plaintiff, Deborah Ann H., seeks review under 42 U.S.C. § 405(g) of the Commissioner's denial of her application for disability insurance benefits. The ALJ issued an unfavorable decision on February 1, 2024; the Appeals Council denied Plaintiff's petition for review on November 19, 2024; and Plaintiff filed this action on January 14, 2025. After briefing (Dkts. 16, 18, 19), the Magistrate Judge issued a Report and Recommendation (R&R) recommending that the Commissioner's decision be affirmed (Dkt. 22). Plaintiff filed objections (Dkt. 23), and the Commissioner responded (Dkt. 24). The Court reviews *de novo* those portions of the R&R to which objections were made. 28 U.S.C. § 636(b)(1).

## FACTUAL BACKGROUND

The ALJ found that Plaintiff had the following severe, medically determinable impairments: degenerative disc disease in the cervical spine with radiculopathy (Dkt. 13 at 22). The ALJ then found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Dkt. 13 at 24). The ALJ assessed a Residual Functional Capacity (RFC)

**MEMORANDUM DECISION AND ORDER - 1**

for light work, except Plaintiff could perform sedentary work as defined in 20 C.F.R. 404.1567(a) with the following exceptions: (1) the claimant can occasionally perform postural movements, except never climb ladders, ropes or scaffolds; (2) the claimant can reach in all directions frequently, but not constantly; and (3) the claimant should avoid concentrated exposure to extreme temperatures and all exposure to hazards such as unprotected heights and dangerous moving machinery (Dkt 13 at 24). Most relevant here, the ALJ then found Plaintiff was "capable of performing past relevant work as a title examiner" and not disabled (*id.* at 29-30).

Plaintiff argues the Magistrate Judge erroneously (i) found that the ALJ's decision at Step Four of the sequential process was supported by substantial evidence; and (ii) concluded that the ALJ's findings were permissible despite contradicting the regulations.

## OBJECTIONS

Plaintiff makes two objections: First, Plaintiff objects to the Magistrate Judge's recommended finding that the ALJ's decision at Step Four was supported by substantial evidence as he relies on his own post hoc justification to reach this conclusion. Second, Plaintiff objects to the Magistrate Judge's conclusion that the ALJ's findings were permissible despite contradicting the regulations (Dkt 23 at 2, 5).

## LEGAL STANDARD

The Court reviews *de novo* the portions of the R&R to which objections have been made. 28 U.S.C. § 636(b)(1). The Commissioner's decision must be upheld if supported by substantial evidence and free of legal error. 42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Substantial evidence is "more than a mere scintilla, but less than a preponderance." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is susceptible to more than one

**MEMORANDUM DECISION AND ORDER - 2**

rational interpretation, the Court must defer to the ALJ's interpretation. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004).

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Trevizo*, 871 F.3d at 674. Findings as to any question of fact, if supported by substantial evidence, are conclusive. *See* 42 U.S.C. § 405(g). If there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401; *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The standard requires more than a scintilla but less than a preponderance. *Trevizo*, 871 F.3d at 674. It "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Treichler*, 775 F.3d at 1098. Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. *Ludwig*, 681 F.3d at 1051. In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Batson*, 359 F.3d at 1196.

**MEMORANDUM DECISION AND ORDER - 3**

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015). Considerable weight is given to the ALJ's construction of the Social Security Act. *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009). However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## ANALYSIS

### A.    The ALJ's Step Four Determination Was Proper

Plaintiff argues that the ALJ did not sufficiently explain the basis for the opinion that Plaintiff was capable of performing prior work as a title examiner. Specifically, Plaintiff objects that she necessarily did not obtain the requisite amount of time to learn that job as established by the Dictionary of Occupational Titles (DOT). Plaintiff asserts the DOT establishes a Specific Vocational Preparation (SVP) rating of 7 for that job, which equates to two to four years to "learn" the job of a title examiner. The record is clear that Plaintiff did not hold that specific job for two to four years.

The Magistrate Judge's decision, however, acknowledged that the ALJ can rely on expert opinion, direct job experience, and other relevant experience that the "typical" employee may not have. This matters because the DOT's SVP determinations are for the typical employee. Thus, while the ALJ could have more specifically explained the basis for resolving the record conflict between the SVP and Plaintiff's actual experience, the Magistrate Judge here performed a detailed and careful analysis of the record and found the ALJ's opinion was substantially supported. This is not error. *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051.

Upon de novo review, the Court overrules Plaintiff's first objection.

**MEMORANDUM DECISION AND ORDER - 4**

**B.     The Magistrate Judge Properly Concluded that the ALJ's Findings Were Permissible**

Plaintiff's second objection is largely resolved by the first. Plaintiff objects specifically that the Magistrate Judge misapplied controlling law by upholding the finding that Plaintiff's direct experience as a title examiner—which was less than two years, contradicting the terms of the SVP—did not prevent a finding that such work constituted prior work. Phrased differently, Plaintiff argues that the SVP period for "typical" employees actually applies to non-typical employees, without exception, and the ALJ could not decide differently. Plaintiff identifies no case law holding that the SVP is dispositive on this issue, and the Court is not persuaded.

The record before the ALJ demonstrates that Plaintiff had over two years of relevant experience considering her time as a title examiner and her time as a "property records technician"—a job requiring "[c]ustomer service. Transfer of property ownership[,] [a] lot of typing and spreadsheet use. Maintain[ing] and update[ing] ownership records" (Dkt. 13 at 300). She also explained that she "[t]ransfer[red] ownership from excise [and] legal descript[ion]," processed exemptions, and created maps (Dkt. 13 at 259). It was Plaintiff's burden before the ALJ to rebut these facts, and she did not; in contrast, the ALJ's factual finding was supported by substantial evidence in the record. Reasonable minds could accept Plaintiff's direct experience, collateral experience, and the Vocational Expert's testimony as establishing, collectively, that she learned the title examiner job for purposes of Step Four's prior work analysis (*see* Dkt. 22 at 10-11) (DOT definition of title examiner).

Upon de novo review, the Court overrules Plaintiff's second objection.

**MEMORANDUM DECISION AND ORDER - 5**

## ORDER

Having conducted de novo review, the Court concludes the ALJ's decision is supported by substantial evidence and is free of legal error. Magistrate Judge Patricco's Report and Recommendation is well reasoned and adopted in full.

**IT IS ORDERED**:

1. Plaintiff's Objections (Dkt. 23) are **OVERRULED**.

2. The Report and Recommendation (Dkt. 22) is **ADOPTED IN FULL**.

3. The Commissioner's decision is **AFFIRMED**.

4. Plaintiff's Petition for Review (Dkt. 1) is **DISMISSED** with prejudice.

Judgment shall be entered accordingly.

**SO ORDERED**.

DATED: July 16, 2026

*Amanda K. Brailsford*

Amanda K. Brailsford
U.S. District Court Judge